CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 18 2008

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHARLES EDWARD MORRIS,<br>Plaintiff, | )<br>)  Civil Action No. 7:08cv00221<br>) |
| v. | )  **MEMORANDUM OPINION**<br>) |
| DANNY W. RATLIFF, et al.,<br>Defendants. | )  By:  Hon. Glen E. Conrad<br>)  United States District Judge |

Plaintiff Charles Edward Morris, a pre-trial detainee at the New River Valley Regional Jail[1], brings this pro se action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Plaintiff alleges that, in late February and early March 2004, defendants violated his constitutional rights. Plaintiff seeks unspecified damages. Upon review of the record, the court concludes that plaintiff has not stated a claim upon which relief can be granted and, therefore, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915A(b)(1).[2]

---

[1] The court notes that plaintiff is a pre-trial detainee facing felony indictments in the Circuit Court of Giles County, Virginia; plaintiff has been found not competent to stand trial, and he is confined at New River Valley Regional Jail while receiving medical treatment in an attempt to restore his competency to stand trial. See Morris v. Giles County Circuit Court, Civil Action No. 7:07-cv-00285 (W.D. Va. July 27, 2007) (observing pertinent facts of plaintiff's confinement and granting respondent's motion to dismiss habeas action under 28 U.S.C. § 2241 because of plaintiff's concession that he had not exhausted state court remedies). In the instant complaint, plaintiff states that he is presently under treatment to restore his competency to stand trial.

[2] Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. To the extent plaintiff's complaint could be construed to include claims appropriate for habeas review, the court notes that plaintiff states that his state habeas case is "still pending." Had petitioner presented his claims in a petition for writ of habeas corpus, the court would summarily dismiss the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases. A petition may be dismissed under this rule if it is clear from the petition that the petitioner is not entitled to relief. Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 119 S. Ct. 1728 (1999). In Virginia, a non-death row felon can exhaust the state remedies in one of three ways, depending on the nature of the claims raised. First, the inmate can file a direct appeal to the Virginia Court of Appeals, with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against him/her. Second, the inmate can attack the conviction collaterally by filing a state habeas petition with the circuit court where the inmate was convicted, with an appeal of

Plaintiff alleges that the defendants conspired to "harass [him] by labeling him as a pervert and a druggie," which "drove him to flee his house in fear starting on Friday 2/27/04 and culminating in his arrest on 3/1/04." Plaintiff states that, upon his arrest on March 1, 2004, police officers beat and pepper-sprayed him and, without reading him his Miranda rights[3] or informing him that he was under arrest, placed him "handcuffed in the rear seat of a patrol car with the heater wide open." According to plaintiff, this caused him "much discomfort" and to become dehydrated, and water and medical attention were subsequently "withheld in order to provoke a confession." Plaintiff further states that he was verbally abused by police officers.[4] Plaintiff adds that various police officers gave false statements that were published in the Bluefield Daily Telegraph on March 3, 2004.[5]

---

an adverse decision to the Supreme Court of Virginia. See Va. Code § 8.01-654(A)(1) and § 17.1-411. Finally, the inmate can exhaust the remedies by filing a state habeas petition directly with the Supreme Court of Virginia. Id. Whichever route the inmate chooses to follow, it is clear that the inmate ultimately must present the claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them. In this case, the petition clearly shows that petitioner has not presented his claims to the Supreme Court of Virginia as required. Petitioner may file a federal habeas petition if he is still unsuccessful in obtaining relief after presenting his claims to the Supreme Court of Virginia through one of the three routes described. Petitioner is advised, however, that his time to file state or federal habeas petitions is limited. See 28 U.S.C. § 2244(d); Virginia Code § 8.01-654(A)(2).

[3] See Miranda v. Arizona, 384 U.S. 436 (1966) (prior to questioning by the police, criminal suspect must be informed of the right to consult with an attorney and of the right against self-incrimination). Any Miranda issues plaintiff intends to invoke in the instant complaint must first be exhausted in the state trial and habeas courts before this court can consider them. See supra n. 2.

[4] Plaintiff states:

Police were motivated by sexual discrimination hate crimes for as they were beating [plaintiff] they were hurling epithet's [sic] of, "you queer, you pervert, you crazy motherfucker!" Definitely exhibiting foreknowledge of [plaintiff] and at the Pearisburg police station, "all queer's [sic] are from Lynchburg, queer this and queer that!" Seething with hatred and malice.

[5] The Daily Telegraph is based in Bluefield, West Virginia, and provides coverage of the nearby Virginia counties of Bland, Buchanan, Giles, and Tazewell. See http://en.wikipedia.org/wiki/Bluefield_Daily_Telegraph. With his complaint, plaintiff includes a printout of the newspaper's Internet edition of a story, bearing a dateline of March 3, 2004, covering a high-speed police chase that resulted in plaintiff's arrest in Giles County on March 1, 2004. See http://www.bdtonline.com/articles/2004/03/03/news/01chase.prt. The printout is dated March 21, 2004.

There is no federal statute of limitations applicable in § 1983 actions. Wilson v. Garcia, 471 U.S. 261, 266 (1985). Accordingly, § 1983 actions are governed by the state statute of limitations for general personal injury cases in the state where the alleged violations occur. Owens v. Okure, 488 U.S. 235, 239-40 (1989). Virginia has a two-year statute of limitations for general, personal injury claims. Va. Code Ann. § 8.01-243(a). Therefore, a plaintiff bringing a civil rights action under § 1983 in Virginia must do so within two years from the time when his action accrues. Id.

However, the time of accrual of a cause of action under § 1983 is a federal question. Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 955 (4th Cir. 1995) (en banc). Additionally, the Supreme Court of the United States has recently recognized that, although it had "never stated so expressly, the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." Wallace v. Kato, ___ U.S. ___, 127 S. Ct. 1091, 1095 (2007). In Nasim, the United States Court of Appeals for the Fourth Circuit held that a cause of action under § 1983 accrues and the statute of limitations begins running "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Id. An inmate's § 1983 action is commenced for purposes of the statute of limitations as soon as he delivers his complaint to prison authorities for mailing. Lewis v. Richmond City Police Depot, 947 F.2d 733, 735-36 (4th Cir. 1991). Accordingly, in Virginia § 1983 cases, if an inmate has not delivered his complaint to prison officials for mailing within the two-year period following the time when he knew or had reason to know of his alleged injury, that inmate is barred by the Virginia statute of limitations from bringing suit. As the court has determined that the statute of limitations unquestionably provides an affirmative defense to this action, the court may summarily dismiss the complaint as

3

failing to state a claim upon which relief may be granted, pursuant to § 1915A. See Todd v. Baskerville, 712 F.2d 70 74 (4th Cir. 1983) (court may dismiss based on affirmative defense under predecessor statute).

After review of plaintiff's factual contentions, the court finds that plaintiff is barred from bringing suit under § 1983 because the claims presented in the instant complaint arose more than two years prior to the date the complaint was filed. As the court has already observed, plaintiff states that the last of the events of which he complains occurred in March 2004. Thus, the very latest date when plaintiff's complaint could have been timely filed is two years ago, in March 2006. Accordingly, the complaint is barred by the statute of limitations, is clearly no longer actionable under § 1983, and must be dismissed, pursuant to § 1915A, for failure to state a claim upon which relief may be granted.

For the foregoing reasons, plaintiff's complaint will be dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff.[6]

ENTER: This 18th day of March, 2008.

*/s/ Glen Conrad*
United States District Judge

---

[6] The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

4